EDWARD ROFF, PLAINTIFF-APPELLEE, v. WEST HOBOKEN BUILDING AND LOAN ASSOCIATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided May 2, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Hopkins, Vorburger & Dickson* (*Arthur L. Dickson,* of counsel).

For the appellee, *Rosen & Rosen* (*Nicholas S. Schloeder,* of counsel).

PER CURIAM.

This is the appeal of the defendant building and loan association from a judgment of the District Court of the First Judicial District of the county of Hudson in favor of the plaintiff, rendered by the judge sitting without a jury.

It appears that the plaintiff had a loan from the defendant to secure which he gave a bond and mortgage in the usual building and loan form and thereby had agreed to pay a monthly premium of fifty cents per share on each of the shares bid for on the loan. The loan was for $5,600. After the loan had been in effect about one year plaintiff desired to pay off the loan and did pay it off with the consent of the defendant. But as a necessary prerequisite the plaintiff was required to pay, and did pay under protest, the sum of $168 as required by article 20, section 6 of the defendant's constitution made a part of the contract, which provided that loans might be paid and shares released before the maturity date by paying to the association the face value of the mortgage representing such loan, with interest, and in addition a premium charge of three per centum on the face value of any bond and mortgage loan if paid before the third year, and one percentum of the withdrawal value of any bond and mortgage loan repaid before maturity.

The plaintiff in his state of demand averred that the charge of $168 (which he paid under protest and the return of which he had demanded and had been refused) was a "usurious premium or charge" and so claimed damages for the amount of such payment with interest.

The trial judge took that view and accordingly gave plaintiff a judgment for $178.08 from which the defendant appeals.

The appellant contends that the bond and mortgage constituted a binding contract of which the constitution formed a part; that the charge of $168 was not usurious, but a valid charge, and that therefore the judgment should be reversed.

We believe the appellant's contention is sound.

The constitution of the association by the express words of the bond was made a part thereof.

The Building and Loan Associations law provides in the 1925 revision (*Pamph. L., p.* 195, § 16), that any such association may take from its members a premium for priority or privilege of loan, and that no premium so taken for such purposes shall be deemed usurious, and that it shall be lawful for the rate of said premium to be agreed upon, instead of being determined by auction to the highest bidder. The plaintiff and the association agreed upon the premium of fifty cents per share per month. That was lawful. Then when the plaintiff sought to pay off his mortgage the defendant would not have been obliged to acquiesce except for the provision of its constitution which we have quoted.

We believe that neither that provision in the constitution nor the actual application of it by the association in the present case was usurious or beyond its powers.

The judgment will be reversed.